UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE ALICEA,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 23-cv-03822-SK<br><br>**ORDER GRANTING MOTION TO ENFORCE SETTLEMENT**<br><br>Regarding Docket No. 63 |

This matter comes before the Court upon consideration of the motion to enforce a settlement agreement filed by Defendant United States of America. ("Defendant"). (Dkt. No. 63.) This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and both parties have consented to the jurisdiction of a magistrate judge. (Dkt. Nos. 6, 18.) Having carefully considered the record in this case, the parties' papers, and relevant legal authority, and having had the benefit of oral argument, the Court hereby GRANTS Defendant's motion for the reasons set forth below.

## BACKGROUND

On July 31, 2025, Plaintiff Eddie Alicea ("Plaintiff") filed this action challenging federal police officers' conduct during an interaction at a Veterans Hospital. (Dkt. No. 1.) According to the complaint, Plaintiff's refusal to use hand sanitizer on account of his skin condition escalated to officers placing Plaintiff in a chokehold, throwing Plaintiff to the ground, handcuffing Plaintiff, and placing him in a holding cell. (*Id.*) On April 15, 2025, the Court granted Defendant's motion to dismiss all claims, except for the claims brought against the United States pursuant to the Federal Tort Claims Act. (Dkt. No. 25.)

On January 15, 2025, the parties participated in a settlement conference before the Honorable Kandis A. Westmore. (Dkt. No. 54.) The parties orally settled the case, agreeing that Defendant would pay $100,000 in exchange for Plaintiff's release of claims. (*Id.*; Dkt. No. 63-1, ¶

4.) The record reflects that the case settled during the conference, and that the parties agreed to draft a written settlement agreement. (Dkt. No. 54.)

The next day, January 16, 2025, Defense Counsel sent an email confirming the $100,000 settlement. (Dkt. No. 63-2.) Plaintiff's then-counsel, Pointer & Buelna, LLP, confirmed. (*Id.*) On January 23, 2025, Defense Counsel circulated a draft settlement agreement. (Dkt. No. 63-3.) The parties filed a notice of conditional settlement on January 27, 2025, which stated "[t]he parties have reached a conditional settlement of all claims in this litigation." (Dkt. No. 56.)

On March 31, 2025, Pointer & Buelna filed a status report stating that "[t]he Parties agreed in principle to a settlement," "Plaintiff ha[d] not yet signed the settlement agreement," and "Plaintiff had informed Pointer & Buelna LLP of his intent to terminate them as his counsel." (Dkt. No. 57.) The Court held a case management conference on May 12, 2025 to address this status report. (Dkt. No. 61.) During the conference, Plaintiff indicated his intent to "rescind" the settlement agreement. (*Id.*) The Court granted Pointer & Buelna's request to be relieved as counsel for Plaintiff. (*Id.*)

On May 19, 2025, Defendant filed the instant motion to enforce the settlement agreement. (Dkt. No. 63.) Plaintiff's response was due June 2, 2025, but he did not file an opposition. (Dkt. No. 64.) Given Plaintiff's new *pro se* status, the Court allowed him an additional opportunity to file an opposition by June 23, 2025. (*Id.*) When Plaintiff again failed to file an opposition, the Court set a date for hearing on the motion. (Dkt. No. 66.) On July 31, 2025, Plaintiff filed an untimely opposition brief. (Dkt. No. 69.) The Court heard oral argument on August 4, 2025. (Dkt. No. 70.) The Court informed Plaintiff that it would accept his opposition brief despite its untimeliness. (*Id.*)

## ANALYSIS

**A.     Legal Standard on Enforcement of Settlements.**

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). The moving party bears the burden of showing that the parties formed a legally enforceable settlement agreement. *Madani v. Cty. of Santa Clara*, No. 16-CV-07026-LHK, 2019 WL 402362,

at *6 (N.D. Cal. Jan. 31, 2019) (citation omitted). "The interpretation and enforcement of a settlement agreement is governed by the legal principles applicable to contracts." *Brionez v. U.S. Dep't of Agric.*, No. C-01-3969-CW, 2007 WL 217680, at *2 (N.D. Cal. Jan. 26, 2007).

Under California law, the essential elements of a contract are: (1) parties capable of contracting; (2) the parties' consent; (3) a lawful object; and (4) sufficient cause or consideration. *Lopez v. Charles Schwab & Co., Inc.*, 13 Cal.Rptr.3d 544, 548 (Ct. App. 2004) (citing Cal. Civ. Code § 1550). If a valid agreement exists, two additional requirements must be met under federal law. *Madani*, 2019 WL 402362, at *7. First, the settlement agreement must be complete. *Id.* Second, both parties must have directly agreed to be bound by the settlement's terms or have authorized their respective representatives to settle the dispute. *Id.*

An oral settlement agreement is enforceable even if no writing follows. As the California Court of Appeal has explained:

> Often, in cases where an oral settlement is placed on the record in the trial court, a written agreement will follow. If difficulties or unresolvable conflicts arise in drafting the written agreement, the oral settlement remains binding and enforceable under [California Code of Civil Procedure] section 664.6. Having orally agreed to settlement terms before the court, parties may not escape their obligations by refusing to sign a written agreement that conforms to the oral terms.

*Elyaoudayan v. Hoffman*, 129 Cal.Rptr.2d 41, 47 (Ct. App. 2003); *see also* Cal. Code Civ. Proc. § 664.6(a) ("If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or *orally* before the court, for settlement of the case . . . the court . . . may enter judgment pursuant to the terms of the settlement.") (emphasis added).

**B.     The Oral Settlement Before Judge Westmore.**

Defendant has carried its burden of showing that the oral settlement is valid. First, there is no indication that Plaintiff was incapable of contracting. Second, the parties' consent to the agreement is evidenced by the settlement conference minutes, (Dkt. No. 54), the email confirmation, (Dkt. No.63-2), the notice of settlement, (Dkt. No. 56), Pointer & Buelna's status report, (Dkt. No. 57), and Plaintiff's own admission, (Dkt. No. 69 ("I initially agreed verbally to a proposed $100,000 settlement)). Third, a settlement payment in exchange for release of claims is a lawful object. *See Madani*, 2019 WL 402362, at *7. Fourth, the exchange of payment for

3

release of claims is consideration. *Id.* at *8.

As to the federal requirements, there is no question that Plaintiff directly agreed to be bound by the settlement. (Dkt. No. 69.) To confirm, the Court directly asked Plaintiff at oral argument, "Did you agree to settle the case for $100,000 with a release to Defendant?" and Plaintiff responded, "I did." (Dkt. No. 70.) The terms of the settlement—$100,000 in exchange for a release—are also not reasonably disputed.

However, Plaintiff argues that his attorneys did not adequately explain key details of the settlement, including that it would be used to pay out his medical and legal bills, and that Defendant would not be accepting accountability. (Dkt. No. 69.) During the settlement conference, Plaintiff was apparently "baffled as to the process," "overwhelmed," "stressed out," "not in-the-loop," and "not clear on what was happening." (Dkt. No. 70.) After, Plaintiff decided that he had received poor representation, and that the settlement conference was resultingly "not a fair process." (*Id.*) Plaintiff states that "within approximately 10 days, I informed my attorneys by email that I did not agree to the settlement and rescinded the agreement." (Dkt. No. 69.)

It is highly unfortunate that Plaintiff felt uncomfortable at the settlement conference and that Plaintiff feels his attorneys did not help him come to an informed decision. Nevertheless, Plaintiff did make a decision. As another court in this district explained:

> Judicial settlement conferences and other forms of mediation requires parties to consider high-stakes questions of whether to accept a somewhat less favorable outcome than they might ultimately obtain at trial in exchange for a final resolution of the dispute, and assurance against a worse outcome at trial. Those decisions are often difficult, even for sophisticated litigants and experienced attorneys. If a party's discomfort at a settlement conference or mediation were itself reason to disregard an agreement that party reached, few settlements would be able to provide the sort of assurance they are intended to.

*Vazquez v. Mayorkas*, No. 18-CV-07012-JCS, 2022 WL 523329, at *7 (N.D. Cal. Feb. 22, 2022), *aff'd*, No. 21-16026, 2023 WL 4417273 (9th Cir. July 10, 2023).

Plaintiff's argument in opposition to the settlement agreement boils down to that he had a change of heart in the days following the settlement conference. However, "[a]n agreement announced on the record becomes binding even if a party has a change of heart after [he] agreed to its terms but before the terms are reduced to writing." *Doi v. Halekulani Corp.*, 276 F.3d 1131,

4

1138 (9th Cir. 2002) (quoting *In re Christie*, 173 B.R. 890, 891 (Bankr. E.D. Tex. 1994)). The Court therefore GRANTS Defendant's motion to enforce the settlement agreement.

## CONCLUSION

For the reasons discussed above, Defendant's motion to enforce the parties' agreement to dismiss this case with prejudice in exchange for payment of $100,000 is GRANTED. The case is hereby DISMISSED WITH PREJUDICE in accordance with the parties' agreement. Defendant is ORDERED to pay Plaintiff $100,000 within 45 days of the filing of this Order.

The Clerk is directed to mail Plaintiff this Order at his address of record. In addition, Pointer & Buelna is directed to transmit this Order to Plaintiff. The Clerk is further instructed to close the file.

**IT IS SO ORDERED**.

Dated: August 4, 2025



SALLIE KIM
United States Magistrate Judge